UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Recovery Racing III, LLC,

                                 Plaintiff,                    **MEMORANDUM & ORDER**
                                                                      24-CV-08394 (DG) (ST)
    -against-

MAG Retail Holdings-FLI, LLC, *et al.*,

                                 Defendants.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

      Pending before the Court in the above-captioned case – which was brought against 18 Defendants and removed from the Supreme Court of the State of New York, County of Nassau to the United States District Court for the Eastern District of New York on the basis of diversity jurisdiction, *see* ECF No. 1 – is Plaintiff Recovery Racing III, LLC's Motion to Remand Pursuant to 28 U.S.C. § 1447(c) (the "Motion to Remand"), *see* ECF Nos. 7, 10, which is opposed by Defendants, *see* ECF Nos. 8, 9.[1]

      The parties are in agreement that the dispositive issue with respect to the Motion to Remand is whether the forum selection clause in the Asset Purchase Agreement (the "APA")

---

[1] The Defendants in this action are: MAG Retail Holdings-FLI, LLC; McGovern Auto Group Corp. Services, Inc.; Colonial Imports Corp. d/b/a Toyota of Nashua; MAG Retail Holdings-SUB, LLC d/b/a McGovern Subaru; MAG Retail Holdings-NYP, LLC d/b/a Porsche of South Shore; MMAG Retail Holdings-CJD, LLC d/b/a McGovern Chrysler Jeep Dodge Ram; MAG Retail Holding-HND, LLC d/b/a McGovern Honda; MAG Retail Holdings-HYN, LLC d/b/a McGovern Hyundai; MAG Retail Holdings-GMW, LLC d/b/a McGovern Buick GMC-Westborough; MAG Retail Holdings-DAM, LLC d/b/a Autobahn USA Dedham; MAG Retail Holdings-BMS, LLC d/b/a BMW of Shrewsbury; MAG Retail Holdings-AUS, LLC d/b/a Audi Shrewsbury; MAG Retail Holdings-BBG, LLC d/b/a McGovern Buick GMC-Mansfield; MAG Retail Holdings-ATB, LLC d/b/a Autobahn USA Westborough; MAG Retail Holdings-FRD, LLC d/b/a McGovern Ford; MAG Retail Holdings-MAR, LLC d/b/a Boston Motorsports-Alfa Romeo Maserati; MAG Retail Holdings-FFD, LLC d/b/a McGovern Ford of Framingham; and Matthew McGovern.

entered into by Plaintiff, as the seller of the assets of an automobile dealership, and Defendant McGovern Auto Group Corp. Services, Inc., as the purchaser, is mandatory or permissive. *See* ECF No. 9 at 4 n.4 (Defendants stating that "the only issue disputed by the parties for purposes of this Motion is whether the forum selection clause is mandatory or permissive"); ECF No. 10 at 1 (Plaintiff stating that "Defendants correctly frame the sole issue to be decided as being whether the Forum Selection Clause is mandatory or permissive"). Plaintiff argues that the forum selection clause is mandatory and operates as a waiver of Defendants' right to remove the action to federal court and therefore remand of the case to state court is warranted. *See generally* ECF Nos. 7-5, 10. Defendants argue that the forum selection clause is permissive and that the Court therefore should retain jurisdiction and deny the Motion to Remand. *See generally* ECF No. 9. The forum selection clause is found in Section 28 of the APA.

Section 28 of the APA provides:

> This Agreement shall be governed by and construed in accordance with the laws of the State of New York and jurisdiction of any litigation relating thereto shall be in the Supreme Court of the State of New York, County of Nassau.

*See* ECF No. 7-2 at 26.

For the reasons set forth below, the Motion to Remand is granted and the case is remanded to the Supreme Court of the State of New York, County of Nassau, Index No. 615409/2024.

## DISCUSSION

The parties are correct that resolution of the Motion to Remand turns on whether the forum selection clause at issue is mandatory or permissive.[2] As set forth below, the forum

---

[2] The Court assumes the parties' familiarity with the procedural history and background of this action – including with the relationships among the various Defendants and the applicability of the forum selection clause to each Defendant.

selection clause is mandatory, Defendants therefore waived their right to remove the action to federal court, and remand therefore is warranted.

I.   **Applicable Law**

Title 28, United States Code, Section 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

See 28 U.S.C. § 1441(a).[3]

Title 28, United States Code, Section 1447(c) provides in relevant part:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

See 28 U.S.C. § 1447(c).[4]

A forum selection clause may act as a waiver of a defendant's right to remove an action to federal court. See Yakin v. Tyler Hill Corp., 566 F.3d 72, 76 (2d Cir. 2009) (stating that parties "are free to bind themselves to forum selection clauses that trump what would otherwise be a right to remove cases to federal courts" and that "[t]o the extent that a forum selection clause binds diverse parties by its express terms to a specific jurisdiction that is not federal, it waives a statutory right to remove"); JP Morgan Chase Bank, N.A. v. Reijtenbagh, 611 F. Supp. 2d 389, 390 (S.D.N.Y. 2009) (noting that it is "well established" that a forum selection clause may act as a waiver of a defendant's right to remove an action to federal court). A waiver of the

---

[3] No party argues that the Court lacks subject matter jurisdiction and, indeed, the parties appear to be diverse within the meaning of the relevant statute and the amount in controversy appears to exceed $75,000. See 28 U.S.C. § 1332.

[4] Defendants do not argue that the Motion to Remand was untimely and, indeed, the Motion to Remand appears to have been timely filed.

3

right to remove an action to federal court must be clear and unequivocal. *See Cronin v. Fam. Educ. Co.*, 105 F. Supp. 2d 136, 137-38 (E.D.N.Y. 2000); *see also Dart Mech. Corp. v. Johnson Controls, Inc.*, No. 13-CV-02941, 2013 WL 5937424, at *1 (E.D.N.Y. Nov. 4, 2013); *CityView Towne Crossing Shopping Ctr. Fort Worth Tx. Ltd. P'ship v. Aissa Med. Res. L.P.*, 474 F. Supp. 3d 586, 596 (W.D.N.Y. 2020). Courts have, however, noted that a forum selection clause need not contain any particular language to constitute a waiver of the right to remove, *see, e.g.*, *CityView*, 474 F. Supp. 3d at 596, and that courts look to the intent of the parties, *see, e.g.*, *Dart Mech. Corp.*, 2013 WL 5937424, at *2 (noting that the question is whether the meaning of the language employed was intended to exclude a federal court sitting in the state).

The United States Court of Appeals for the Second Circuit has stated that "the meaning of a forum selection clause is a matter of contract interpretation;" that a court "first consider[s] whether the forum selection clause is ambiguous;" and that "[a] forum selection clause is to be interpreted in accordance with accepted principles of contract construction." *See Yakin*, 566 F.3d at 75-76; *see also TileBar v. Glazzio Tiles*, 723 F. Supp. 3d 164, 183 (E.D.N.Y. 2024) (noting that because the meaning of a forum selection clause is a matter of contract interpretation, the initial focus is on the language of the clause itself; that in interpreting a contract under New York law, words and phrases should be given their plain meaning and the contract should be construed so as to give full meaning and effect to all of its provisions; and that an interpretation of a contract that has the effect of rendering at least one clause superfluous or meaningless is not preferred and will be avoided if possible).

"A forum selection clause is mandatory when it grants exclusive jurisdiction to a particular forum. In contrast, a permissive forum selection clause only reflects the contracting parties' consent to resolve disputes in a certain forum, but does not require that disputes be

4

resolved in that forum." *Giro, Inc. v. Malaysian Airline Sys. Berhad*, No. 10-CV-05550, 2011 WL 2183171, at *4 (S.D.N.Y. June 3, 2011) (quotation omitted); *see also Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir. 2007) (noting that forum selection clauses may serve two distinct purposes and discussing distinction between a mandatory clause, which provides that parties must bring their disputes to a particular forum, and a permissive clause, which only confers jurisdiction in the designated forum, but does not deny plaintiff his choice of forum, if jurisdiction there is otherwise proper); *Wells Fargo Century, Inc. v. Brown*, 475 F. Supp. 2d 368, 371 (S.D.N.Y. 2007) (noting that "[i]n general, a clause is mandatory if its language indicates the parties' intent that only one forum could decide their disputes" and that a court "will enforce a forum selection clause if it specifies the jurisdiction and venue with particularity by way of mandatory or exclusive language"); *Micro Balanced Prods. Corp. v. Hlavin Indus. Ltd.*, 667 N.Y.S.2d 1, 1-2 (App. Div. 1st Dep't 1997) (noting that language such as "[t]he courts of Tel-Aviv shall have jurisdiction over any matter arising from or concerning this Agreement" has "generally been construed as mandatory"); *Fear & Fear, Inc. v. N.I.I. Brokerage, L.L.C.*, 851 N.Y.S.2d 311, 313 (App. Div. 4th Dep't 2008) (noting that "the parties' intent to make the jurisdiction exclusive is demonstrated by the language 'each party irrevocably submits to the personal and exclusive jurisdiction of such Manhattan courts'" (alterations accepted)).[5]

## II.     The Forum Selection Clause in the APA is Mandatory and Remand is Warranted

The Court concludes that the forum selection clause in the APA is mandatory, that Defendants therefore waived their right to remove the action to federal court, and that remand therefore is warranted.

---

[5] *See also Martinez v. Bloomberg LP*, 740 F.3d 211, 217-18 (2d Cir. 2014) (discussing four-part framework for analyzing forum selection clauses and stating, *inter alia*, that "if we are called upon to determine whether a particular forum selection clause is mandatory or permissive . . . , we apply the law contractually selected by the parties" (citation omitted)).

5

As a threshold matter, the language of the forum selection clause is not ambiguous. And, giving the words used in the clause their plain meaning and reading the clause in a manner that does not render any portion of it superfluous, the Court concludes that the intent of the parties was to grant exclusive jurisdiction to a particular forum – namely, the Supreme Court of the State of New York, County of Nassau.

Notably, the forum selection clause does not merely identify a geographic location, rather, it identifies a particular forum – the Supreme Court of the State of New York, County of Nassau – which reflects an intent to grant exclusive jurisdiction to that particular forum.

Further, the forum selection clause explicitly states that "jurisdiction of any litigation . . . shall be in the Supreme Court of the State of New York, County of Nassau," *see* ECF No. 7-2 at 26, which reflects more than just an intent to confer jurisdiction in the Supreme Court of the State of New York, County of Nassau – it reflects an intent that any litigation *shall be in* that court. The use of the phrase "shall be in" reflects an intent to grant exclusive jurisdiction to a particular forum. In this regard, the instant case is distinguishable from cases cited by Defendants in their opposition briefing. *See, e.g.*, *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc.*, 22 F.3d 51, 52 (2d Cir. 1994) (forum selection clause providing not that jurisdiction of any litigation shall be in a particular court but only that "[a]ny dispute arising between the parties hereunder *shall come within* the jurisdiction of the competent Greek Courts, specifically of the Thessaloniki Courts" (emphasis added)).[6]

Moreover, it appears based on the parties involved and their relationships with each other that the Supreme Court of the State of New York, County of Nassau would have jurisdiction

---

[6] *Unity Creations, Inc. v. Trafcon Indus., Inc.*, 137 F. Supp. 2d 108 (E.D.N.Y. 2001) also is distinguishable when read as a whole and considered in context.

6

over litigation involving the parties in the absence of a forum selection clause and also that a federal court would have diversity jurisdiction. Therefore, had the parties only intended that litigation *could* be brought in the Supreme Court of the State of New York, County of Nassau, the language at issue would be superfluous.

It is evident that the intent of the parties was to mandate that litigation take place in the Supreme Court of the State of New York, County of Nassau and to thereby exclude the federal court. The forum selection clause of the APA is mandatory and acts as a waiver of the right to remove.

Because Defendants waived their right to remove the action to this Court by way of the forum selection clause, the Motion to Remand is granted and the case is remanded.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand, ECF No. 7, is GRANTED and the case is remanded to the Supreme Court of the State of New York, County of Nassau, Index No. 615409/2024.

The Clerk of Court is directed to send a certified copy of this Order to the Clerk of the Supreme Court of the State of New York, County of Nassau, and to close the case.

SO ORDERED.

                                                */s/ Diane Gujarati*
                                                DIANE GUJARATI
                                                United States District Judge

Dated: June 23, 2025
      Brooklyn, New York